## HENLEIN v. GRAHAM.

1. Plaintiff being entitled to judgment by default, the presiding judge entered on the docket "judgment for plaintiff," and signed an endorsement on the complaint in these words: "Ordered, that the plaintiffs, H. & B., against the defendant for $2,568.54, and costs." Judgment was thereupon entered, execution issued, and *nulla bona* returned, and at the next term an order in supplementary proceedings was served, which defendant moved to set aside upon the ground that there was no order for judgment. *Held*, that even if the omission of an endorsed order for judgment would be fatal, yet the absence of the words "have judgment" from the order endorsed on this complaint was a mere clerical error not affecting the substance.
2. Under section 197 of the Code, the error or defect here complained of would also be disregarded in supplementary proceedings, which is a stage of the original action.
3. A Circuit Judge may correct a merely clerical error of his predecessor.

Before WITHERSPOON, J., Charleston, March, 1889.

The order of the Circuit Judge, omitting its statement, was as follows:

It is stated in Freeman on Judgments, sections 135 and 142, that when the court has jurisdiction over the subject matter and the person, no error in the exercise of the jurisdiction can make the judgment void. In section 47 the same author states, that whatever may have been requisite formerly, it is evident that the sufficiency of the writing claimed to be a judgment, must at least under the Code be tested by its substance rather than its form. If it appears to have been intended by a competent tribunal as the determination of the rights of the parties to the action, and shows in intelligible language the relief granted, its claim to confidence will not be lessened by a want of technical form, nor by the absence of language commonly deemed appropriate to formal judicial records. In section 50, Mr. Freeman states, whatever appears on its face to be intended as entry of a judgment will be regarded as sufficiently formal if it shows: 1. The relief granted. 2. That the grant was made by the court in whose records the entry is written.

It is evident that the order of Judge Wallace on the complaint was intended to authorize judgment in favor of plaintiffs, and against the defendant, Robert Graham, for the amount specified in said order, together with the costs of the action. It cannot be considered in any other light than as a judgment under our Code—the final determination of the rights of the parties to the action. Under section 197, of our Code, it is provided that errors or defects in the pleadings or proceedings, which do not affect the substantial rights of the adverse party, are to be disregarded, and that no judgment shall be reversed or affected by reason of such error or defect. I conclude that the omission or defect in the order of Judge Wallace for judgment in the above entitled case, does not render the judgment and execution under said order null and void.

It is therefore ordered, that the motion of the defendant, Robert Graham, to set aside and declare the judgment entered up, and the execution issued, in the above entitled case to be null and void, be refused with five dollars costs of motion.

*Messrs. Barker, Gilliland & Fitzsimons,* for appellants.

*Messrs. Trenholm & Rhett,* contra.

March 18, 1890.   The opinion of the court was delivered by

MR. JUSTICE MCIVER.   On the 18th of October, 1888, the plaintiffs commenced an action against the defendant on a note, and the complaint, which was in the usual form, together with the summons, was duly served upon the defendant personally on the same day.   The defendant failing to appear or answer, the case was placed on calendar 3, and on the call of that calendar, on the first day of the next term, to wit, 20th of November, 1888, plaintiffs moved for judgment, and his honor, Judge Wallace, presiding at that term, entered on said calendar, opposite to the title of the case these words: "Judgment for plaintiffs;" and on the same day made the following endorsement on the complaint: "The summons and complaint in this action having been duly served upon the defendant herein, and no notice of appearance, answer, or demurrer having been served, ordered, that the plaintiffs, Jacob Henlein and David Bar, surviving partners of the firm of Henlein & Bar, against the defendant, Robert Graham, for the sum of twenty-five hundred and sixty-eight 54–100 dollars, together with the costs of this action. (Signed)   W. H. Wallace."   It will be observed that the words, "have judgment" or "do recover," or some equivalent expression, are omitted in this endorsement, and, as will be seen, the controversy turns upon the effect of such omission.

The plaintiffs entered up a formal judgment against the defendant for the sum specified, together with the costs, and the same was duly filed in the clerk's office on the 12th of December, 1888, and the amount of the judgment duly entered in the "Abstract of Judgments."   Upon this judgment execution was issued, and the same having been returned *nulla bona,* the plaintiffs instituted proceedings supplementary to the execution, and applied for and obtained from his honor, Judge Witherspoon, an order, bearing date 18th of January, 1889, requiring, amongst other things, the defendant to appear before the master to answer concerning his property.   Other orders were also granted which need not be specified.   The defendant then gave notice of a motion for an order to revoke the order of the 18th of January, 1889, "on the ground

20 –32

that the judgment upon which said orders and proceedings supplemental to the execution issued therein purport to be based, is invalid, not being based on a proper and valid order for judgment. Also, that said execution and judgment as entered be set aside and declared null and void." This motion was heard by his honor, Judge Witherspoon, who, holding that the omission above indicated from the endorsement made by Judge Wallace on the complaint did not render the judgment invalid, refused the motion, and defendant appeals upon the several grounds set out in the record. Inasmuch, however, as we think that the only real question in the case is, whether the omission in the endorsement on the complaint was sufficient to invalidate the judgment upon which the supplementary proceedings were based, we need not set out here in detail the several grounds of appeal.

It is true that section 267 of the Code of 1882 does provide that, in cases of this kind, the order for judgment "shall be endorsed upon or attached to the complaint," but there is nothing to indicate that an omission to do so will render a judgment invalid. On the contrary, this provision would seem to be merely directory and not mandatory. For it is somewhat significant that the language of the present Code is nothing like so strong as formerly. Section 269 of the former Code, for which section 267 is now the substitute, as amended by the act of 1873, contained this language: "The order for judgment shall be endorsed on the complaint and signed by the presiding judge, *and no execution shall be signed or judgment obtained by default in any other manner than is herein provided*" (italics ours). Now, the omission of these imperative words from the Code of 1882 is not without significance. We may also refer to the case of *Genobles* v. *West* (23 S. C., 154), not as authoritative, however, because the judgment there was not rendered in a case to which this provision of the Code applies, but simply as the dicta of two learned judges, which are always entitled to high consideration.

But waiving this, we think it clear that the omission in the endorsement on the complaint was a mere clerical error, manifestly made through inadvertence, and should not be allowed to affect the validity of the judgment which undoubtedly Judge Wallace intended to render. This is shown by his entry on the

calendar—"Judgment for plaintiffs"—and by the very terms of
the endorsement itself. As is said in Freeman on Judgments,
section 47, cited by Judge Witherspoon in support of his conclu-
sion: "The sufficiency of the writing claimed to be a judgment
must, at least under the Code, be tested by its substance rather
than its form. If it appears to have been intended, by a compe-
tent tribunal, as the determination of the rights of the parties to
the action, and shows in intelligible language the relief granted,
its claim to confidence will not be lessened by a want of technical
form, nor by the absence of language commonly deemed appro-
priate to formal judicial records." This certainly would apply
with as much if not greater force to an order for judgment as it
would to the judgment itself. We do not see how, from the
papers before us, there can be a shadow of doubt that Judge
Wallace, who unquestionably had jurisdiction both of the parties
and the subject matter, intended to order a judgment in favor of
the plaintiffs, whom he named, against the defendant, who was
also named, for the amount specified.

But, in addition to this, section 197 of the Code is conclusive,
for it is there provided that "the court shall, in every stage of
action, disregard any error or defect in the pleadings or proceed-
ings which shall not affect the substantial rights of the adverse
party; and no judgment shall be reversed or affected by reason
of such error or defect." Now, these supplementary proceedings
being a stage of the action (for, as is said by Mr. Justice Mc-
Gowan, in *Kennesaw Mills Co.* v. *Walker*, 19 S. C., at page
107, "The proceeding is not technically what is called a special
proceeding, but a continuation of the action in which the judg-
ment was recovered"), the error or defect in the order for judg-
ment, which was one of the "proceedings" in the action, could
not possibly "affect" the substantial rights of the defendant, and
hence under that express provision of the Code the Circuit Judge
could not have allowed the judgment to be "affected" by "such
error or defect."

But, in addition to this, we see no reason why the Circuit
Judge, under the authority of the case of *Carroll* v. *Tompkins*,
14 S. C., 223, and the cases therein cited, might not, if it had
been deemed necessary, have granted an order correcting an

error of his predecessor, manifestly clerical only. See, also, *Chafee* v. *Rainey*, 21 S. C., 17.

The judgment of this court is, that the orders appealed from be affirmed.