## WILLIAMS v. ULMER.

JUDGMENT—DECREE.—A CIRCUIT JUDGE, after closing the Courts in one circuit and while holding Court in another, cannot alter a decree previously filed by him by changing the order to sell the lands "described in the complaint" to an instruction to sell other lands than those described in the complaint, under the rule permitting Judges to correct clerical errors after adjourning Court in orders already filed.

Before DANTZLER, J., Barnwell, October, 1904, reversed

Action by Lillian Williams against James M. Ulmer and Minnie L. Ulmer. From decree for plaintiff, defendants appeal.

*Mr. Robert Aldrich,* for appellants, cites: 9 S. C., 283; 21 S. C., 17; 30 S. C., 335; 30 S. C., 614; Rule 57, of Circuit Court, 7 S. C., 235; 1 S. C., 283.

*Mr. B. F. Rice,* contra, cites: 41 S. C., 346; 24 S. C., 468; 34 S. C., 154; *Williams* v. *Moore,* 29 S. C.; 21 S. C., 17; Bail. Eq., 350.

April 2, 1906. The opinion of the Court was delivered by

MR. JUSTICE WOODS. In order to understand the questions arising in this appeal it is necessary to make clear the scope of the action as it appears from the complaint and the evidence. James M. Ulmer conveyed to his wife, Minnie L. Ulmer, on June 23, 1888, a tract of land containing about 335 acres, the consideration expressed in the deed being $1,500. The plaintiff, Lillian Williams, recovered a judgment against James M. Ulmer in November, 1899; execution was issued, and the sheriff thereafter laid off to the judgment debtor 135 acres of the tract of 335 acres as a homestead, and, under the execution, sold the remaining 200 acres to the plaintiff. The plaintiff then filed this complaint,

setting up two causes of action; in the first, alleging that the
defendant was the owner of the 200 acres of land, and that
he had conveyed it to his wife for the pretensive considera-
tion of $1,500 in fraud of plaintiff and other creditors, and
asking that the deed be set aside; and in the second, alleging
that she was the owner of the 200 acres of land, and demand-
ing judgment for recovery of possession.    In the description
of the land in both causes of action one of the boundaries
referred to is "homestead lands of James M. Ulmer."    The
answer was a general denial.

Upon hearing the evidence taken by the master, the Circuit
Judge, Hon. C. G. Dantzler, filed a decree in which he said:
"But I have carefully read the testimony reported, and am
satisfied that the deed in question was executed under 'in-
equitable circumstances,' and my conclusion is that as a deed
of conveyance, it should not and cannot stand.    But I am
not satisfied that the defendant, Minnie L. Ulmer, was a par-
ticipant in, or partaker of, such inequitable transaction; and,
therefore, the money paid by her should be refunded to her,
the deed in question standing 'as a security for the money
paid.'"    The amount paid by Mrs. Ulmer which she was
entitled to have refunded was fixed by the Circuit Judge at
$600.    The decree provided that the master sell "the tract or
parcel of land mentioned and described in the complaint" and
from the proceeds pay to Minnie L. Ulmer the sum of $600
and the costs and expenses of the action, and turn over the
surplus to the clerk to be held subject to the further order of
the Court.

The record contains this account of the subsequent pro-
ceedings: "That plaintiff's attorney served notice of appeal
from said judgment to the Supreme Court and thereafter
plaintiff's attorney made an *ex parte* motion without notice
to defendant's attorney, who appeared for them in the action,
before Judge Dantzler upon the proceedings in the Court
while he was holding Court in Sumter, S. C., in the 3d Cir-
cuit, to correct an alleged clerical error on the part of and by
Judge Dantzler in his said decree, which motion was granted,

as appears by the letters and orders of Judge Chas. G. Dantz-
ler attached to and by him made a part of his said decree on
the alleged ground of its being a clerical error, the homestead
thus defeated not being the subject of the contention either
in the pleadings or the argument." The following is the
order made by the Circuit Judge to which reference is made
in the foregoing statement: "It being made to appear that
in the decree heretofore rendered in the above stated cause
on October 1st, 1904, by a clerical error, the lands described
in the complaint were ordered to be sold by the master of
Barnwell County; whereas, it should have been ordered that
so much of the lands described in the deed from J. M. Ulmer
to Minnie L. Ulmer, dated the 23d of June, 1888, contain-
ing two hundred (200) acres, more or less, be sold by the
said master.

"It is, therefore, ordered, that the Clerk of Court for Barn-
well County do forthwith add and annex the following order
to the said decree rendered in this cause on October 1st, 1904.
It is ordered, that all that tract of land now in the possession
of Minnie L. Ulmer containing 200 acres, more or less,
which lands were conveyed to said Minnie L. Ulmer by
James M. Ulmer on the 23d day of June, 1888, and are
therein described and known as the homestead of J. M. Ul-
mer, be sold by the master of Barnwell County on salesday
in December next or at some subsequent salesday; and that
the proceeds arising therefrom be applied in all respects as
heretofore provided and ordered in the decree rendered
herein on October 1st, 1904."

The defendant's appeal from this last order must be sus-
tained. The Court might have adjudged that although Mrs.
Ulmer was entitled to receive back the $600 advanced for the
payment of Ulmer's debts, yet she must exhaust the other
lands conveyed to her, namely, the homestead, before she
could subject the surplus which the plaintiff claimed; and
possibly it would have been within the scope of the action,
though on that point we express no opinion, to order the
homestead sold and the proceeds applied to the payment of

the $600 due Mrs. Ulmer, in order to ascertain how much would have to fall as a prior claim on the land subject to the plaintiff's demands. But the first decree so far from doing this contains no intimation that the homestead is to be subjected, and expressly orders the lands described in the complaint which constituted the surplus over the homestead to be sold for the satisfaction of Mrs. Ulmer's claim. The second decree, on the contrary, ordered the homestead itself to be sold for that purpose, and was, therefore, entirely irreconcilable with the first. The change we must regard far more than the correction of a clerical error. It was not a matter of form, and was not clearly the result of the views expressed in the opinion. The first decree in no wise affected the homestead, while the second destroyed it completely.

Such a radical change cannot be made out of term time when the Circuit Judge is in another circuit, or on an *ex parte* application. "As is said in 2 Dan. Ch. Pr., 1233, in speaking of rectifying decrees: 'In cases, however, in which a clerical error has crept into the decree, or in which some ordinary direction has been omitted, the Court will entertain applications to rectify it, even though it has been passed and entered. * * * It is, nevertheless, to be observed, that it is a principle of the Court, that no alteration can be made in a decree on motion without a rehearing, except in a matter of clerical error or of form, or where the matter to be inserted is clearly consequential on the directions already given.'" *Chafee* v. *Rainey*, 24 S. C., 17; *Barrett* v. *James*, 30 S. C., 329, 9 S. E., 263; *Lorick & Lowrance* v. *Motley*, 69 S. C., 570.

The judgment of this Court is, that the decree of Judge Dantzler, dated November 7, 1904, be reversed, without prejudice to any right the plaintiff may have to move the Circuit Court for leave to amend his complaint or to file a supplemental complaint.