### 9855

### OUTLAW *ET AL.* v. BARNES *ET AL.*

#### (S. E. 868.)

1. VENDOR AND PURCHASER—RIGHTS OF PURCHASER—CONTRACTS—SUBSEQUENT CONVEYANCES.—Where husband and wife contracted to buy land in 1863, their rights were fixed and vested at that time, and where they completed their purchase and received a deed in 1871, when the law had been changed, their rights under the contract were superior to the deed, and were determinative of the rights of their successors in interest.

2. CONSTITUTIONAL LAW — RETROSPECTIVE AMENDMENTS — EFFECT. — Where husband and wife contracted in 1863 to buy land, their acceptance of a deed in 1871, after adoption of the Constitution of 1868, changing the existing law as to property rights of husband and wife, did not affect their rights.

Before DeVORE, J., Lee county, Spring term, 1916. Reversed.

Action by W. Lawrence and others against Henry N. Barnes and others, for partition.

*Mr. A. B. Stuckey,* for appellants, cites: *As to estates by entirety, prior to Constitution of 1868:* Tyler on Infancy and Coverture, sec. 365; 77 S. C. 193; 4 Rich. Eq. 80; 38 S. C. 34; 39 S. C. 371; 55 S. C. 283; 77 S. C. 183.  *As to the law governing the rights of parties who bought lands*

*and went into possession in 1863, but did not receive a deed until 1871:* 11 S. C. 71 and 74; 48 S. C. —; 99 S. C. 221; 17 Fed. 583; 94 Minn. 539.

*Messrs. Thos. H. Tatum, R. W. McLendon* and *Ruffin & McGowan,* for respondents, cite: *As to tenancies by the entirety:* 77 S. C. 193. *The rights of the grantees are governed by the law in force at time of the exclusion of deed:* 48 Am. St. Rep. 648; 46 Am. St. Rep. 947; Devlin on Real Estate, sec. 850c; 23 S. C. 297; 54 S. C. 413; Devlin on Real State, sec. 850a; 55 Minn. 249; 43 Am. St. Rep. 499; 40 Ala. 599; 23 S. C. 297.

January 18, 1918.

The opinion of the Court was delivered by MR. JUSTICE WATTS.

This is an action for partition of land. The defendants by their answer raised the issue of title. The case was tried before Judge DeVore and a jury at the Spring term of Court, 1916, for Lee county, and resulted in a verdict for the defendants of the land in question, and from judgment entered thereon plaintiffs appeal.

The main issue made by the exceptions and involved in the appeal is the holding of his Honor at the trial of the case as to the effect of the deed made by the executor in 1871 and after the adoption of Constitution of 1868, which changed the existing law as to property rights of husband and wife. His Honor held, and so charged, that the purchasers were bound by the law as it existed at the time of the making and delivery of the deed, were estopped to deny that they took the land as tenants in common because they accepted and recorded a deed given them after the law as to husband and wife had been changed by the Constitution of 1868, but holding that, if they had accepted no deed at all, there might be something in plaintiffs' contention that the husband and wife took an estate by the entirety; plaintiffs contending

that the acceptance of a deed after they had purchased and acquired a right to it could not destroy their right; that regarding the Constitution, which as to this matter was retrospective and retroactive, the real contract to be enforced being the sale in 1863, that the executor was bound by his sale and delivery of possession, and if equity had been invoked, it would have compelled such a deed for the same force and effect as plaintiffs are contending for; that in order for them to own and hold the land as tenants by the entirety according to their purchase, it was not necessary or proper for them to refuse to accept any deed at all because of the change in the law between the day of the sale and making of the deed in pursuance of said sale; that they had purchased the land, and were entitled to a deed upon payment of the purchare price, and any change of the law afterwards could not change their vested rights; that when they purchased the land and paid the purchase price they had a vested right that could be enforced, and that right, being vested at that time, could not by an act of the legislature be changed, and their contract and vested right be in any manner impaired; that their right to have, hold, and enjoy their purchase was higher and greater than the paper title afterwards acquired by them from the executor in 1871; that their right was fixed at the time of the purchase, and, as they bought in 1863, they bought under the law as it then existed, and their rights were determined, fixed, and vested under the law as it existed in 1863, and later, when they obtained the deed years afterwards from the executor in 1871, it did not dawn on their mind the nature of the deed given them. Their idea was to get a deed for what they bought and what they were entitled to.

The real contract in the case was the purchase under this purchase. Possession was given the purchasers, and they

were entitled to a deed to carry out their real contract, which was the purchase of the land. The date of the purchase fixed the status of the parties and vested their rights to the land at that time. The acceptance of a deed of a different purport years later from the surviving executor when the law had been changed could not change the vested rights of the parties under their real contract of purchase made by them in 1863.

The deed could only rest on the sale, and when it was put on record the world knew that it was a deed made by an executor acting under an order of Court, and the inquirer as to the title would naturally go to the will and order made in Court of Ordinary. The date of purchase is stated in the deed in pursuance of sale made in 1863. After the sale was made in 1863 the Courts would have required the executors to make a deed to purchasers upon their paying the purchase price. The rights of the husband and wife accrued prior to the adoption of the Constitution of 1868, and cannot be altered by the Constitution. The executor could not do more than convey what the parties had purchased in 1863, and what they purchased it was his duty to convey. They had been let in possession under that purchase, and the deed of 1871 did not and could not limit their rights. Their rights were higher than the title, and were vested and fixed at the date of their purchase.

His Honor was in error in his rulings, and the exceptions raising this issue are sustained.

It is unnecessary to consider the other exceptions.

New trial granted.