## 10789

### OUTLAW v. BARNES *ET AL*

#### (110 S. E. 124)

1. JUDGMENT—CHANGES IN CONSENT DECREE IN PARTITION AFFECTING QUANTITY OF LAND GIVEN DIFFERENT HEIRS HELD NOT MERE CLERICAL CHANGES.—Court, having signed decree in partition action by consent, could not thereafter, without consent, enter another decree affecting amounts of land awarded, since the two decrees were materially and substantially different; the changes made not being merely clerical.

2. JUDGMENT—COURT, HAVING ENTERED DECREE BY CONSENT, COULD NOT ENTER OTHER DECREE WITHOUT CONSENT WHILE PRESIDING IN OTHER CIRCUIT.—Court, having entered a decree in partition action by consent of the parties, could not, while presiding in other circuit, enter another decree in such action making substantial changes in the original decree without the consent of the parties.

Before RICE, J., Lee County, Fall term, 1919. Reversed and remanded.

Action by W. Lawrence Outlaw et al. against Henry N. Barnes et al.

From decree carrying into effect the verdict of a jury the plaintiff, W. Lawrence Outlaw, appeals.

*Mr. M. W. Seabrook,* for appellant, cites: *Power of Circuit Judge to amend or modify decree ceases when he leaves Circuit:* 51 S. C. 1; 30 S. C. 329; 73 S. C. 579; 32 S. C., 57; 93 S. C., 365. *Not if correction is purely clerical:* 21 S. C. 11; 19 S. E. 683; 32 S. C. 303.

*Messrs. Tatum & Jennings,* for respondent, cite: *Clerical error may be corrected after Judge has left circuit:* 41 S. C., 360; 21 S. C., 11; 49 S. C., 228; 65 S. C., 575. *Correction should be made before expiration of time for appeal:* 30 S. C., 335; 69 S. C., 570. *Where in partition there is adverse claim of title, jury trial is proper:* 54 S. C. 353.

December 19, 1921.

The opinion of the Court was delivered by MR. CHIEF JUSTICE GARY.

This is an action for partition of land. The defendants by their answer raised the issue of title, which was tried by a jury at the spring term of the Court for Lee County in 1920, and resulted in a verdict for the defendants of the land in question. The plaintiffs appealed and a new trial was granted. 108 S. C., 451; 94 S. E., 868. The case was again tried before his Honor, Judge Rice, and a jury during the latter part of the year 1919; and under the direction of the Court the jury rendered the following verdict:

"We find for the plaintiffs a one-fourth undivided interest in the land in dispute."

No decree was made carrying into effect the verdict of the jury until one was signed by his Honor, Judge Rice, on the 20th of September, 1920, at Aiken, S. C., by consent.

His Honor, Judge Rice, signed another order on the 31st of March, 1921. The record contains this statement:

"At the time the above motion for this order was noted and heard, and when this order was signed Judge Rice was holding Court at Columbia in another circuit, and was not the Judge of nor presiding in the third circuit."

The first question that will be considered is whether the charges made by the second decree were merely clerical. There is no question that the two decrees were materially and substantially different.

The second question is whether his Honor, Judge Rice, had jurisdiction to render the second decree, under the circumstances just mentioned. The following decisions show that he did not have the power and authority to make such a decree at chambers without consent: *Chafee v. Rainey,* 21 S. C., 11; *Barrett v. James,* 30 S. C., 329; 9 S. E., 263; *Garlington v. Copeland,* 32 S. C., 57; 10 S. E., 616; *Henlein v. Graham,* 32 S. C., 303; 10 S. E., 1012; *Hughes v. Shingle,* 51 S. C., 1; 28 S. E., 2; *Williams v. Ulmer,* 73 S. C., 579; 53 S. E., 999; *Brewton v. Shirley,* 93 S. C., 365; 76 S. E., 988.

It is the judgment of this Court that the decree made at Columbia be set aside, but without prejudice to the right of respondents to renew their motion in a Court or before a Judge having jurisdiction to entertain it.