### 11208

#### OUTLAW *ET AL.* v. BARNES *ET AL.*

##### (117 S. E., 363)

APPEAL AND ERROR—ONE CIRCUIT JUDGE HELD TO HAVE JURISDICTION TO CORRECT ERRORS IN ANOTHER CIRCUIT JUDGE'S DECREE AFTER CASE REMANDED BY SUPREME COURT.—Where a Circuit Judge signed a consent decree in partition proceedings and while holding Court in another circuit changed the decree in chambers on the theory that he was correcting clerical errors, and on appeal the decree as changed was reversed "without prejudice to the rights of respondents to renew their motion in a Court or before a Judge having jurisdiction to entertain it," on the ground that the two decrees were substantially different, *held,* that another Circuit Judge had jurisdiction to hear and decide a motion to correct the first decree.

Before SHIPP, J., Sumter, July, 1922. Affirmed.

Action by W. Lawrence Outlaw *et al.,* against Henry N. Barnes *et al.* Judgment for defendants and plaintiffs appeal.

For former appeal, see 118 S. C., 189; 110 S. E., 124.

The decree of Circuit Judge S. W. G. Shipp, referred to in the opinion of Justice Watts, follows:

In this action a decree was made by Judge Rice at Chambers in Aiken, S. C., on September 20, 1920. Thereafter a motion was made before him at Chambers in Columbia to amend his decree by correcting certain clerical errors alleged to have been made therein. Upon this motion Judge Rice held that the errors complained of were clerical and amended his decree, correcting them in conformity with the grounds of the motion, signing this second decree on March 31, 1921. An appeal was taken from the second decree, and it was set aside upon the ground that he did not have jurisdiction at chambers, and while he was holding Court in another circuit, to sign the second decree; but the judgment of the Supreme Court provided that it was without prejudice·to the right of the respondents to renew their motion in a Court or before a Judge having jurisdiction to entertain it. The respondents in that appeal, Henry Barnes and his children, defendants herein, noticed a motion, before me, as presiding Judge of the Court of Common Pleas for Lee County, in the open Court at Bishopville, S. C., to be heard on April 20, 1922, upon the same grounds and for the same purpose as that heard by Judge Rice at Columbia, S. C. This motion same up during the term, and, with the consent of the counsel, was marked "heard" by me, and was argued before me at Florence, S. C., by consent, thereafter.

The plaintiff, W. F. Outlaw, appeared in response to the notice and, among other objections, urged those based on jurisdictional grounds. I have given very careful consideration to the motion and the objections to it. I am satisfied that Judge Rice stated exactly the reverse of what he intended to state and that his decree of September 20, 1920, did not announce the judgment he intended to make. Errors such as those, not being errors of judgment but errors in announcing the judgment, are necessarily clerical and ought to be corrected. ' I think this conclusion is in conformity with the opinion of the Supreme Court before

alluded to. I hold also that I have jurisdiction to correct the decree. See *Carroll v. Tompkins,* 14 S. C., 233, and cases therein cited, *Henlein v. Graham,* 32 S. C., 303; 10 S. E., 1012. Besides, these defendants were given the right to renew their motion, in a Court or before a Judge having jurisdiction to entertain it, by the Supreme Court on the last appeal. I know of no other Judge or Court to whom they could go, and, if the presiding Judge of the Court of Common Pleas for Lee County has no jurisdiction, then that right was no right at all.

The second decree of Judge Rice set out the errors of the first, and stated their corrections; in other words, announced the judgment he intended to make. It would waste time to rewrite the decree. I will, therefore, adopt as mine.

It is, therefore, ordered, adjudged, and decreed that the decree of Judge Rice, as amended, made in this cause, dated March, 31, 1921, be, and the same is, the decree and judgment of this Court as fully as if set out herein word for word.

*Mr. M. W. Seabrook,* for appellants, cites: *Case falls within* 19 S. C., 252; 23 Cyc., 868, 864.

*Messrs. Tatum & Jennings,* for respondents, cite: *Clerical error and should be corrected:* 21 S. C., 11; 41 S. C., 360; 33 S. C., 601; 14 S. C., 223; 32 S. C., 303; 69 S. C., 570. *Jury trial:* 54 S. C., 353.

April 30, 1923.

The opinion of the Court was delivered by MR. JUSTICE WATTS.

For the reasons assigned by his Honor, Judge Shipp, it is the judgment of this Court that the judgment of the Circuit Court be affirmed.

MR. CHIEF JUSTICE GARY and MESSRS. JUSTICES COTHRAN and MARION, Concur.

MR. JUSTICE FRASER: I dissent.   This case has been before this Court before, and will be found reported in 118 S. C., at page 189; 110 S. E., 124.

This was an action for partition.   The defendants set up title in themselves.   The verdict was for the plaintiff and reads:   "We find for the plaintiffs one-fourth undivided interest in dispute."   Judge Rice, who heard the case, signed a consent order after the Court adjourned.   The defendants were dissatisfied with the decree, and Judge Rice made a subsequent order, changing the decree, on the ground that he was merely making a clerical change.   From this order the plaintiff appealed, and this Court held:

"There is no question that the two decrees were materially and substantially different."

This Court reversed Judge Rice's order.   In its opinion this Court said that its judgment was "without prejudice to the right of respondents to renew their motion in a Court or before a Judge having jurisdiction to entertain it."   There was no finding as to what Court or Judge had jurisdiction to entertain such a motion.   The motion was renewed before Judge Shipp, who was holding Court in Lee County, in which the case was was tried, and he granted the motion and made the order.

It will be observed that it is *res adjudicata* that the two decrees are "materially and substantially different."   I think that Judge Shipp had no jurisdiction to make a material and substantial alteration in a decree made by a former Judge, or even one made by himself at the former term of the Court.   *Roberts v. Drayton* (S. C.), 113 S. E., 365.

The order that was materially changed was a consent decree, and, even if it was not binding as a judgment, it was certainly binding as a contract.